Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

JUN -7 2011

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>J. BASIL MATTINGLY, *et al.*<br><br>Defendants. | Civil Action No. 09-cv-00207-WOB<br><br>**CONSENT JUDGMENT & ORDER BETWEEN THE SECRETARY AND DEFENDANTS HENRY E. BLOCK and the BUILDING BLOCKS FAMILY TRUST, LLC** |

Plaintiff, Hilda L. Solis, Secretary of the United States Department of Labor ("Secretary"), and Defendants Henry E. Block and the Building Blocks Family Trust, LLC ("Settling Defendants") have agreed to settle the matters in controversy in this civil action and consent to the entry of this Consent Judgment & Order in accordance herewith:

WHEREAS, the Secretary filed her Complaint against the Settling Defendants on December 4, 2009, pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended, wherein she alleged that the Settling Defendants violated provisions of Title I of ERISA while acting as fiduciaries or parties in interest to the DirecTECH Employee Stock Ownership Plan, the Michigan Microtech Employee Stock Ownership Plan, and the DirecTECH Holding Company Eligible Individual Account Plan (collectively, "the Plans"), which are employee benefit plans subject to the coverage of ERISA;

WHEREAS, upon consideration of the record, and as agreed to by the parties, the Court finds that it has jurisdiction over the parties and the subject matter of this civil action;

WHEREAS, the Secretary and the Settling Defendants have negotiated an agreement to

1

settle all claims and issues between them arising from the matters alleged in the Secretary's Complaint;

*WHEREAS*, the Secretary and the Settling Defendants represent to the Court that this Consent Judgment & Order is the sole and complete agreement negotiated between them;

*WHEREAS*, the Secretary and the Settling Defendants expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Judgment & Order as a full and complete resolution of the Secretary's claims against the Settling Defendants;

*WHEREAS*, the Settling Defendants expressly acknowledge and represent that they have read this Consent Judgment & Order and understand its provisions and each of the undersigned attorneys expressly acknowledges and represents that they are authorized and empowered to execute this Consent Judgment & Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Consent Judgment & Order;

*ACCORDINGLY*, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Consent Judgment & Order and subject matter of this action and is empowered to provide the relief herein.

2. Within ten (10) days after the entry of this Consent Judgment & Order becomes final and non-appealable, Settling Defendants shall pay the gross sum of **$1,450,000.00** in two separate payments, to be divided among the DirecTECH Holding Company Employee Stock Ownership Plan ("DTHC ESOP") and the ERISA 502(l) penalty as follows:

   a) A payment of $1,318,181.82 shall be made to the DTHC ESOP, and

   b) A payment of $131,818.18 shall be made to the Department of Labor to resolve any claims under ERISA Section 502(l), 29 U.S.C. Section 1132(l) concerning the

2

claims in the Secretary's complaint. The ERISA Section 502(l) payment should be sent by regular U.S. mail to:

    ERISA – Civil Penalties
    P.O. Box 71360
    Philadelphia, PA 19176-1360

The Settling Defendants hereby waive the notice of penalty assessment and service requirements of 29 C.F.R. § 2570.83.

3. The payment to the DTHC ESOP provided herein is for the benefit of participants and beneficiaries of the Plans who received allocations of stock purchased in the transactions, as set forth in paragraph 14 of this Consent Judgment and Order. The DirecTECH Holding Company Employee Stock Ownership Plan is a successor in interest to the Plans. It is intended that the fiduciaries of the DTHC ESOP (which shall not include any of the defendants in this action) shall allocate the payment in a manner consistent with the Plans' documents and their responsibilities under ERISA and only after consultation with and approval by the Department of Labor. Any disagreement between the DTHC ESOP's fiduciaries and the Department of Labor as to the appropriate allocation of the funds paid to the DTHC ESOP pursuant to this Consent Judgment & Order will be submitted to the Court for resolution.

4. The Settling Defendants shall provide evidence of the above payments to the Secretary within ten (10) days of payment.

5. Except as set forth in Paragraph 6 below, the Settling Defendants are hereby enjoined and restrained from serving as fiduciaries of, or service providers to, any ERISA-covered employee benefit plan for ten (10) years beginning on the date this Consent Judgment & Order is entered. Specifically, for the next ten (10) years, the Settling Defendants are hereby

enjoined and restrained from directly or indirectly, individually or through any entity or any other person:

    (a)    serving or acting, for compensation or otherwise, as fiduciaries, service providers, administrators, officers, trustees, custodians, counsels, agents, employees or representatives in any capacity to any employee benefit plan covered by ERISA;

    (b)    serving or acting, for compensation or otherwise, as consultants or advisers to any employee benefit plan covered by ERISA or to any entity whose activities include the provision of goods or services to any employee benefit plan covered by ERISA;

    (c)    serving or acting, for compensation or otherwise, in any capacity that involves decision making authority or custody or control of the monies, funds, assets or property of any employee benefit plan covered by ERISA; and

    (d)    selling, promoting, marketing or providing any product or service to, making any recommendation to, or bringing any product, service or investment to the attention of, any employee benefit plan covered by ERISA or to any person acting on behalf of such plan, or facilitating or encouraging any expenditure or investment by any employee benefit plan covered by ERISA.

6.    The following are the only exceptions to the provisions of Paragraph 5 above:

    (a)    The Settling Defendants are **permanently** barred from acting as fiduciaries or service providers to any ERISA-covered plan that is holding

or engaging in any transaction involving qualifying employer securities; and,

  (b)  The Settling Defendants are not barred from acting as fiduciaries to a fully-insured employee welfare plan.

7. Defendant Block may serve as an officer of a company or on the board of directors of a company provided that he does not serve in any ERISA fiduciary or service provider capacity. Defendant Block, in his capacity as an officer or member of the board of directors of a company, may carry out settlor functions as to any ERISA-covered plan.

8. In the event that, for any reason whatsoever, the Court declines to approve this Consent Judgment & Order or it is reversed on appeal, then this Consent Judgment & Order shall be deemed null and void and (a) the Secretary will be free to pursue all of the claims alleged in her action and to seek all relief prayed for in her action from the Settling Defendants, including her claims for non-monetary and monetary relief, (b) the Settling Defendants will be free to assert all of their defenses of any kind to the Secretary's claims other than defenses arguing that any part of this Consent Judgment & Order, can be construed to release, interfere with, qualify, or bar the prosecution of claims by the Secretary for any type of remedy, monetary or non-monetary set forth in her action; and, (c) the provisions of this Consent Judgment & Order shall be of no further force or effect and shall not be admissible in evidence in any action pending or filed against the Settling Defendants.

9. Provisions of this Consent Judgment & Order requiring notice to the Settling Defendants shall be satisfied by delivering it in writing to the Settling Defendants in care of:

P. Douglas Barr
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507

5

Provisions of this Consent Judgment & Order requiring notice to the Secretary shall be satisfied by delivering such notice in writing to:

> Associate Regional Solicitor
> U.S. Dept. of Labor, Office of the Solicitor
> 881 Federal Office Building
> 1240 East Ninth Street
> Cleveland, OH 44199
> Phone: 216-522-3872
> Fax: 216-522-7172

with duplicate notice delivered to:

> Associate Solicitor
> U.S. Department of Labor
> Office of the Solicitor
> Plan Benefits Security Division
> 200 Constitution Avenue, N.W., Room N-4611
> Washington, DC 20210
> Phone: 202-693-5600
> Fax:    202-693-5610

Delivery shall be made by facsimile transmission or reliable overnight express courier service. The parties to this Consent Judgment & Order may, as they deem necessary, change from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Consent Judgment & Order, by delivery to the address to which notice would be sent.

10. This Consent Judgment & Order constitutes a full, final and complete judicial resolution of all of the civil claims alleged in the Secretary's Complaint against the Settling Defendants in this action, and all such claims are hereby released, settled and dismissed with prejudice. Except as provided herein, neither the Secretary nor the Settling Defendants waive any claims against any other persons. Except as provided herein, the Secretary's claims for monetary and injunctive relief and the Settling Defendants' claims for monetary and

equitable relief against any other persons are expressly preserved. Except as provided herein, nothing in this Consent Judgment & Order is, nor is to be construed as, an admission or acknowledgment that any person or entity is in any way released from any liability or wrongdoing except for the Settling Defendants who are released as described and the Secretary who is released as described. Nothing in this Consent Judgment & Order shall be construed or interpreted as either an admission or denial by the Settling Defendants of any claims made by the Secretary.

11. The Settling Defendants and, where applicable, their agents, beneficiaries, representatives, assigns and successors in interest, do hereby release the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation incident thereto. In particular, the Settling Defendants expressly waive any and all claims of any nature that they may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives arising under the Equal Access To Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412.

12. All of the parties in this civil action, and, as applicable, their agents, representatives, assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, any claim against the Settling Defendants arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises

out of, or relates to the facts, transactions and occurrences referred to in the Secretary's Complaint, and the claim seeks to recover from Settling Defendants: (i) any amount such person may become liable to pay pursuant to a settlement or judgment in the Secretary's action or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary in the Secretary's action.

13. Settling Defendants, and, as applicable, their agents, representatives, assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, any claim against any of the non-settling Defendants arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts, transactions and occurrences referred to in the Secretary's Complaint, and the claim seeks to recover (i) any amount Settling Defendants have paid pursuant to this Consent Judgment & Order or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary in the Secretary's action.

14. In calculating the amount of the Plans' losses in the Secretary's action against the non-settling Defendants, such losses shall be reduced in the following manner for each Plan transaction: (i) $527,272.73 for the DirecTECH Employee Stock Ownership Plan transaction dated December 31, 2003; (ii) $131,818.19 for the Michigan Microtech Employee Stock Ownership transaction dated December 7, 2004; (iii) $329,545.45 for the DirecTECH Holding Company Eligible Individual Account Plan transaction dated September 15, 2005; and (iv) $329,545.45 for the DirecTECH Holding Company Eligible Individual Account Plan transaction dated September 8, 2006. The fiduciaries of the DTHC ESOP shall not use these loss numbers

8

for allocation purposes. Furthermore, other than any amounts recoverable under ERISA Section 502(l), the Secretary waives any entitlement to recover, and shall not recover, an aggregate amount from all of the Defendants in her action that exceeds the total amount of the Plans' losses (including any loss of principal, interest or earnings), regardless of whether the basis for recovery from any particular non-settling Defendant is to compensate one or more of the Plans for their losses, to compel the disgorgement of unjust earnings, or any other basis. Nothing in this Consent Judgment & Order, however, is intended to otherwise limit the personal, joint and several liability of any non-settling Defendant.

15. Settling Defendants will cooperate in making themselves available to appear for deposition, produce documents, and provide truthful and complete oral and written testimony as to all non-privileged matters upon issuance of a subpoena by the Secretary, with respect to any action or investigation related to any of the Plans (at issue in the Secretary's complaint filed December 4, 2009) and their successors as well as the Bruister and Associates Employee Stock Ownership Plan, the Bruister and Associates Eligible Individual Account Plan, the Digital Satellite Services Employee Stock Ownership Plan and the Digital Satellite Eligible Individual Account Plan and their successors. Settling Defendants hereby authorize the individual designated by paragraph 9 of this Consent Judgment & Order to accept service of such subpoena on Settling Defendants' behalf. Expenses for testimony made pursuant to this paragraph shall be governed by the requirements of 28 U.S.C. Section 1821.

16. Settling Defendants represent that they do not maintain, nor have they ever maintained, participant accounts in the DTHC ESOP and thus will not benefit from any monies paid to the DTHC ESOP pursuant to this Consent Judgment & Order. Nonetheless, Settling Defendants hereby waive any right to receive any portion of or proceeds from any monies paid to

the DTHC ESOP as a result of any settlement or judgment in this action.

17. The Secretary and the Settling Defendants shall bear their own costs, expenses, and attorney's fees in connection with this action and any other proceeding or investigation incident thereto.

18. This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Consent Judgment & Order.

19. By entering into this Consent Judgment & Order, the Settling Defendants represent that they have been informed by Counsel of the effect and purpose of this Consent Judgment & Order and agree to be bound by its terms.

20. This Consent Judgment & Order is not binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

21. This Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court finds that there is no just reason to delay the entry of this Consent Judgment & Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Consent Judgment & Order.

SO ORDERED this 7th day of June, 2011

William O. Bertelsman

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of this Consent Judgment & Order:

FOR PLAINTIFF
HILDA L. SOLIS
Secretary of Labor

M. PATRICIA SMITH
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor, PBSD

JOAN GESTRIN
Regional Solicitor, Chicago

BENJAMIN CHINNI
Associate Regional Solicitor, Cleveland

MICHAEL SCHLOSS
Counsel for Financial Litigation, PBSD

BY: *Maureen Cafferkey*  Date 3/24/11
MAUREEN CAFFERKEY
Senior Trial Attorney
U.S. Dept. of Labor, Office of the Solicitor
881 Federal Office Building
1240 East Ninth Street
Cleveland, OH 44199
Phone: 216-522-3872

PETER DOLAN
Senior Trial Attorney
STEPHEN SILVERMAN
MICHAEL HARTMAN
Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, DC 20013-1914
Phone: 202-693-5600
Fax:    202-693-5610

FOR THE DEFENDANTS:

_____   Dated: 3/22/11
Henry E. Block

_____   Dated: 3/22/11
Henry E. Block on behalf of Building Blocks Family Trust, LLC

_____   Dated: 3/23/2011
P. DOUGLAS BARR
Counsel for Henry E. Block and Building Blocks Family Trust, LLC
Stoll, Keenon, Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507