Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

JUN - 7 2011

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor, | Civil Action No. 09-cv-00207-WOB |
| Plaintiff, | **CONSENT JUDGMENT & ORDER BETWEEN THE SECRETARY AND DEFENDANT  THOMAS BEAUDREAU** |
| v. | |
| J. BASIL MATTINGLY, *et al.* | |
| Defendants. | |

Plaintiff, Hilda L. Solis, Secretary of the United States Department of Labor ("Secretary"), and Defendant Thomas Beaudreau ("Settling Defendant") have agreed to settle the matters in controversy in this civil action and consent to the entry of this Consent Judgment & Order in accordance herewith:

*WHEREAS,* the Secretary filed her Complaint against the Settling Defendant on December 4, 2009, pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended, wherein she alleged that the Settling Defendant violated provisions of Title I of ERISA while acting as a fiduciary or party in interest to the DirecTECH Holding Company Eligible Individual Account Plan ("Plan") ( which has now merged into the DirecTECH Holding Company Employee Stock Ownership Plan, "DTHC ESOP"), which is an employee benefit plan subject to the coverage of ERISA;

*WHEREAS,* upon consideration of the record, and as agreed to by the parties, the Court finds that it has jurisdiction over the parties and the subject matter of this civil action;

*WHEREAS,* the Secretary and the Settling Defendant have negotiated an agreement to settle all claims and issues between them arising from the matters alleged in the Secretary's

1

Complaint;

*WHEREAS,* the Secretary and the Settling Defendant represent to the Court that this Consent Judgment & Order is the sole and complete agreement negotiated between them;

*WHEREAS,* the Secretary and the Settling Defendant expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Judgment & Order as a full and complete resolution of the Secretary's claims against the Settling Defendant;

*WHEREAS,* the Settling Defendant expressly acknowledges and represents that he has read this Consent Judgment & Order and understands its provisions and each of the undersigned attorneys expressly acknowledges and represents that they are authorized and empowered to execute this Consent Judgment & Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Consent Judgment & Order;

*ACCORDINGLY,* it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.    The Court has jurisdiction over the parties to this Consent Judgment & Order and subject matter of this action and is empowered to provide the relief herein.

2.    Within ten (10) days after this Consent Judgment & Order becomes final and non-appealable, Settling Defendant shall pay the gross sum of **$220,000.00** to be divided among the DTHC ESOP and the ERISA 502(l) penalty as follows:

    a)  A payment of $200,000.00 shall be made to the DTHC ESOP, and

    b)  A payment of $20,000.00 shall be made to the Department of Labor to resolve any claims under ERISA Section 502(l), 29 U.S.C. Section 1132(l) concerning the claims in the Secretary's complaint.   The ERISA Section 502(l) payment should be sent by regular U.S. mail to:

2

ERISA – Civil Penalties
P.O. Box 71360
Philadelphia, PA  19176-1360

The Settling Defendant hereby waives the notice of penalty assessment and service requirements of 29 C.F.R. § 2570.83.

3.     The payment to the DTHC ESOP provided herein is for the benefit of participants and beneficiaries of the Plan who received allocations of stock purchased in the transactions, as set forth in paragraph 14 of this Consent Judgment and Order.  It is intended that the fiduciaries of the DTHC ESOP (which shall not include any of the defendants in this action) shall allocate the payment in a manner consistent with the Plan's documents and their responsibilities under ERISA and only after consultation with and approval by the Department of Labor.  Any disagreement between the DTHC ESOP's fiduciaries and the Department of Labor as to the appropriate allocation of the funds paid to the DTHC ESOP pursuant to this Consent Judgment & Order will be submitted to the Court for resolution.

4.     The Settling Defendant shall provide evidence of the above payments to the Secretary within ten (10) days of payment.

5.     Except as set forth in Paragraph 6 below, the Settling Defendant is hereby enjoined and restrained from serving as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan for ten (10) years beginning on the date this Consent Judgment & Order is entered.  Specifically, for the next ten (10) years, the Settling Defendant is hereby enjoined and restrained from directly or indirectly, individually or through any entity or any other person:

(a)     serving or acting, for compensation or otherwise, as a fiduciary, service provider, administrator, officer, trustee, custodian, counsel, agent,

3

employee or representative in any capacity to any employee benefit plan covered by ERISA;

(b)    serving or acting, for compensation or otherwise, as a consultant or adviser to any employee benefit plan covered by ERISA or to any entity whose activities include the provision of goods or services to any employee benefit plan covered by ERISA;

(c)    serving or acting, for compensation or otherwise, in any capacity that involves decision making authority or custody or control of the monies, funds, assets or property of any employee benefit plan covered by ERISA; and

(d)    selling, promoting, marketing or providing any product or service to, making any recommendation to, or bringing any product, service or investment to the attention of, any employee benefit plan covered by ERISA or to any person acting on behalf of such plan, or facilitating or encouraging any expenditure or investment by any employee benefit plan covered by ERISA.

6.    The following are the only exceptions to the provisions of Paragraph 5 above:

(a)    The Settling Defendant is **permanently** barred from acting as a fiduciary or service provider to any ERISA-covered plan that is holding or engaging in any transaction involving qualifying employer securities; and,

(b)    The Settling Defendant is not barred from acting as a fiduciary to a fully-insured employee welfare plan.

7.    Settling Defendant may serve as an officer of a company or on the board of

4

directors of a company provided that he does not serve in any ERISA fiduciary or service provider capacity. Settling Defendant, in his capacity as an officer or member of the board of directors of a company, may carry out settlor functions as to any ERISA-covered plan.

8.      In the event that, for any reason whatsoever, the Court declines to approve this Consent Judgment & Order or it is reversed on appeal, then this Consent Judgment & Order shall be deemed null and void and (a) the Secretary will be free to pursue all of the claims alleged in her action and to seek all relief prayed for in her action from the Settling Defendant, including her claims for non-monetary and monetary relief, (b) the Settling Defendant will be free to assert all of his defenses of any kind to the Secretary's claims other than defenses arguing that any part of this Consent Judgment & Order, can be construed to release, interfere with, qualify, or bar the prosecution of claims by the Secretary for any type of remedy, monetary or non-monetary set forth in her action; and, (c) the provisions of this Consent Judgment & Order shall be of no further force or effect and shall not be admissible in evidence in any action pending or filed against the Settling Defendant.

9.      Provisions of this Consent Judgment & Order requiring notice to the Settling Defendant shall be satisfied by delivering it in writing to the Settling Defendant in care of:

P. Douglas Barr
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY  40507

and

David R. Johanson
Johanson Berenson LLP
50 W Dayton Street, Suite 303
Pasadena, California  91105

Provisions of this Consent Judgment & Order requiring notice to the Secretary shall be satisfied

by delivering such notice in writing to:

> Associate Regional Solicitor
> U.S. Dept. of Labor, Office of the Solicitor
> 881 Federal Office Building
> 1240 East Ninth Street
> Cleveland, OH 44199
> Phone:  216-522-3872
> Fax: 216-522-7172

with duplicate notice delivered to:

> Associate Solicitor
> U.S. Department of Labor
> Office of the Solicitor
> Plan Benefits Security Division
> 200 Constitution Avenue, N.W., Room N-4611
> Washington, DC  20210
> Phone: 202-693-5600
> Fax:    202-693-5610

Delivery shall be made by facsimile transmission or reliable overnight express courier service. The parties to this Consent Judgment & Order may, as they deem necessary, change from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Consent Judgment & Order, by delivery to the address to which notice would be sent.

10.    This Consent Judgment & Order constitutes a full, final and complete judicial resolution of all of the civil claims alleged in the Secretary's Complaint against the Settling Defendant in this action, and all such claims are hereby released, settled and dismissed with prejudice.  Except as provided herein, neither the Secretary nor the Settling Defendant waives any claims against any other persons.  Except as provided herein, the Secretary's claims for monetary and injunctive relief and the Settling Defendant's claims for monetary and equitable relief against any other persons are expressly preserved.  Except as provided herein, nothing in

this Consent Judgment & Order is, nor is to be construed as, an admission or acknowledgment that any person or entity is in any way released from any liability or wrongdoing except for the Settling Defendant who is released as described and the Secretary who is released as described. Nothing in this Consent Judgment & Order shall be construed or interpreted as either an admission or denial by the Settling Defendant of any claims made by the Secretary.

11.     The Settling Defendant and, where applicable, his agents, beneficiaries, representatives, assigns and successors in interest, do hereby release the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation incident thereto.  In particular, the Settling Defendant expressly waives any and all claims of any nature that he may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives arising under the Equal Access To Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412.

12.     All of the parties in this civil action, and, as applicable, their agents, representatives, assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, any claim against the Settling Defendant arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts, transactions and occurrences referred to in the Secretary's Complaint, and the claim seeks to recover from Settling Defendant: (i) any amount such person

may become liable to pay pursuant to a settlement or judgment in the Secretary's action or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary in the Secretary's action.

13.     Settling Defendant, and, as applicable, his agents, representatives, assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, any claim against any of the non-settling Defendants arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts, transactions and occurrences referred to in the Secretary's Complaint, and the claim seeks to recover (i) any amount Settling Defendant has paid pursuant to this Consent Judgment & Order or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary in the Secretary's action.

14.     In calculating the amount of the Plan's losses in the Secretary's action against the non-settling Defendants, such losses shall be reduced in the following manner for each Plan transaction: (i) $98,288.23 for the DirecTECH Holding Company Eligible Individual Account Plan transaction dated September 15, 2005; and (ii) $101,711.77 for the DirecTECH Holding Company Eligible Individual Account Plan transaction dated September 8, 2006.  The fiduciaries of the DTHC ESOP shall not use these loss numbers for allocation purposes. Furthermore, other than any amounts recoverable under ERISA Section 502(l), the Secretary waives any entitlement to recover, and shall not recover, an aggregate amount from all of the Defendants in her action that exceeds the total amount of the Plan's losses (including any loss of principal, interest or earnings), regardless of whether the basis for recovery from any particular

8

non-settling Defendant is to compensate the Plan for its losses, to compel the disgorgement of unjust earnings, or any other basis. Nothing in this Consent Judgment & Order, however, is intended to otherwise limit the personal, joint and several liability of any non-settling Defendant.

15.     Settling Defendant will cooperate in making himself available to appear for deposition, produce documents, and provide truthful and complete oral and written testimony as to all non-privileged matters upon issuance of a subpoena by the Secretary, with respect to any action or investigation related to any of the employee stock ownership plans or eligible individual account plans at issue in the Secretary's complaint filed December 4, 2009 and their successors, as well as the Bruister and Associates Employee Stock Ownership Plan, the Bruister and Associates Eligible Individual Account Plan, the Digital Satellite Services Employee Stock Ownership Plan and the Digital Satellite Eligible Individual Account Plan and their successors. Settling Defendant hereby authorizes the individuals designated by paragraph 9 of this Consent Judgment & Order to accept service of such subpoena on Settling Defendant's behalf. Expenses for testimony made pursuant to this paragraph shall be governed by the requirements of 28 U.S.C. Section 1821.

16.     Settling Defendant does not waive any rights that he may have as a participant in the DTHC ESOP or under ERISA except as follows: Settling Defendant hereby waives any right to receive any portion of or proceeds from any monies paid to the DTHC ESOP as a result of any settlement or judgment in this action concerning the DirecTECH Holding Company Eligible Individual Account Plan transactions dated September 15, 2005 and the September 8, 2006 referred to in paragraph 14 above, but does not waive any such rights with respect to any monies paid to the DTHC ESOP as a result of any settlement or judgment in this action concerning any of the other transactions that are the subject of the Secretary's complaint herein.

9

17.     The Secretary and the Settling Defendant shall bear their own costs, expenses, an attorney's fees in connection with this action and any other proceeding or investigation incident thereto.

18.     This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Consent Judgment & Order.

19.     By entering into this Consent Judgment & Order, the Settling Defendant represents that he has been informed by Counsel of the effect and purpose of this Consent Judgment & Order and agrees to be bound by its terms.

20.     This Consent Judgment & Order is not binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

21.     This Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court finds that there is no just reason to delay the entry of this Consent Judgment & Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Consent Judgment & Order.

SO ORDERED this 7th day of June , 2011

William O. Bertelsman

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of

this Consent Judgment & Order:

FOR PLAINTIFF
HILDA L. SOLIS
Secretary of Labor

M. PATRICIA SMITH
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor, PBSD

JOAN GESTRIN
Regional Solicitor, Chicago

BENJAMIN CHINNI
Associate Regional Solicitor, Cleveland

MICHAEL SCHLOSS
Counsel for Financial Litigation, PBSD

BY: *Maureen Cafferkey*                    Date ___5/17/11___

MAUREEN CAFFERKEY
Senior Trial Attorney
U.S. Dept. of Labor, Office of the Solicitor
881 Federal Office Building
1240 East Ninth Street
Cleveland, OH 44199
Phone: 216-522-3872

PETER DOLAN
Senior Trial Attorney
STEPHEN SILVERMAN
MICHAEL HARTMAN
MELISSA MOORE
Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, DC  20013-1914
Phone: 202-693-5600
Fax:    202-693-5610

11

FOR THE DEFENDANT:

_____     Dated: 5/17/11

THOMAS BEAUDREAU


_____     Dated: 5/17/11

P. DOUGLAS BARR
Co-Counsel for Thomas Beaudreau
Stoll, Keenon, Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507


_____     Dated: 5/17/11

DAVID R. JOHANSON
Co-Counsel for Thomas Beaudreau
Johanson Berenson LLP
50 W. Dayton Street, Suite 303
Pasadena, California 91105

12